# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## NORTHERN DIVISION

---------------------------------------------------

COREEEN MARTIN,

        Plaintiff,

   v.                                    Civil Action No._____

SHEPS AND ASSOCIATES,
PLLC ATTORNEYS AT LAW, and
CHECKREDI OF KENTUCKY, LLC

        Defendants.

----------------------------------------------------

## NATURE OF ACTION

1.    This is an action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and Defendants transact business in this district.

## PARTIES

4.  Plaintiff Coreen Martin ("Plaintiff") is a natural person who at all relevant times resided in the State of Tennessee, County of Knox, and City of Knoxville.

5.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.  Defendant Sheps and Associates, PLLC Attorneys at Law ("Sheps"), is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.  Sheps is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.  Defendant Checkredi of Kentucky, LLC ("Checkredi") is an entity who acquires debt in default solely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9.  Checkredi is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10.  Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Sheps.

11.  Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Sheps, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. The alleged obligation arises from a returned personal check in the amount of $45.15, allegedly written on November 1, 2009 for the purchase of gasoline for Plaintiff's personal vehicle (the "Debt").

13. Sheps uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14. Checkredi purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

15. Specifically, Checkredi contracts with its customers, primarily merchants, to purchase checks returned for insufficient funds.

16. Upon purchasing a check, Checkredi attempts to collect the face value and a service fee from the check drawer.

17. Checkredi acquired the Debt after it went into default.

18. Checkredi is thoroughly enmeshed in the debt collection business, and Checkredi is a significant participant in Sheps's debt collection process.

19. In connection with the collection of the Debt, Sheps, itself and on behalf of Checkredi, sent Plaintiff initial written communication dated May 3, 2012, and in such communication, provided the notice, required by 15 U.S.C. § 1692g *et seq*. on the reverse side of the communication. (See May 3, 2012 Correspondence, attached hereto as Exhibit A).

20. Sheps's May 3, 2012 initial communication stated, in relevant part:

Resolution Amount: $245.15
Attention: COREEN MARTIN

This Firm has been retained to resolve the abovementioned debt(s) and take all necessary steps in connection therewith. It is the Firm's premise that the Uniform Commercial Code and/or state law allow for recovery of incidental and other costs.

Be advised that you can make full payment with MoneyGram Express Payment Services, (*see reverse side for instructions*) money order or certified bank check payable to Sheps & Associates, PLLC. If this matter cannot be resolved this Firm will recommend CHECKredi Kentucky LLC, and/or PILOT OIL 217 to pursue further collection efforts.

(Exhibit A).

21.     Sheps's May 3, 2012 communication was placed upon law firm letterhead and indicated that it was from Sheps's "Settlement Department." (Exhibit A).

22.     On the reverse side of Sheps's May 3, 2012 communication and immediately after the notices required by § 1692g *et seq*, Sheps stated: "At this time no attorney with this firm has personally reviewed the particular circumstance of your account." (Exhibit A).

23.     Sheps's May 3, 2012 communication overshadowed the disclosures required pursuant to 15 U.S.C. § 1692g(a) *et seq*. by demanding "full payment" and threatening that "if this matter cannot be resolved this Firm will recommend...further collection efforts" within the thirty-day dispute period. (Exhibit A).

24.     The least sophisticated consumer would interpret Shep's statement to mean that "further collection efforts" would take place within the thirty-day dispute period.

25.     Further, Sheps's May 3, 2012 communication falsely represented the level of attorney involvement in the collections process by providing a disclaimer that no attorney has reviewed Plaintiff's account, yet the communication was placed on law firm letterhead, repeatedly referred to the "Firm" as having been retained to resolve the Debt, and indicated that the communication was from Sheps's "Settlement Department." (Exhibit A).

26.     Further, in its May 3, 2012 initial written communication, Sheps failed to inform Plaintiff whether the Debt was subject to the accrual of interest and/or other fees or charges on the date the notice was sent. (See Exhibit A).

27.     Upon information and good-faith belief, the Debt, at all times relevant, was accruing interest and other fees or charges.

28.     Sheps's May 3, 2012 communication is misleading to the "least sophisticated consumer," who would readily conclude that the total account balance stated as due was due at any time, when in fact it was not, and was subject to adjustment on a periodic basis.

29.     As a result, Sheps's May 3, 2012 communication failed to clearly and effectively state the amount of the Debt as required by 15 U.S.C. § 1692g(a)(1).

30.     Sheps's omission of material information would deceive or mislead the least sophisticated consumer as to the character or amount of the Debt.

31.     In the alternative, the Debt was not subject to the accrual of interest and/or other fees or charges and Sheps May 3, 2012 communication falsely represented the amount of the Debt as $245.15 when the actual balance of the Debt was $45.15.

32.     On May 21, 2012 and in connection with the collection of the Debt, Sheps, by and through its agent and/or employee "Morris Ruben" ("Mr. Ruben"), placed a call to Plaintiff's cellular telephone, and at such time, spoke with Plaintiff.

33.     During the May 21, 2012 conversation, Mr. Ruben told Plaintiff that if Plaintiff did not respond by June 8, 2012, then Sheps would take Plaintiff to court.

34.     During the May 21, 2012 conversation, Sheps threatened to take an action that was not intended to be taken, when upon information and good-faith belief, Sheps did not intend to take Plaintiff to court.

35.     Plaintiff called Mr. Ruben on June 6, 2012, and requested to make payment arrangements in the amount of $40 per month.

36.     During the June 6, 2012 conversation, Mr. Ruben rejected Plaintiff's payment offer and told Plaintiff to borrow money from neighbors and relatives, and Plaintiff responded that she was on a fixed income and had no one to borrow money from.

37.     During the June 6, 2012 conversation, Mr. Ruben asked Plaintiff whether she thought that it was "ok to go around and write bad checks".

38.     Mr. Ruben then stated that the conversation was over and that Sheps was turning the matter to the courts on June 8, 2012.

39.     During the June 6, 2012 conversation, Sheps used language the natural consequence of which is to abuse Plaintiff, in connection with collection of an alleged debt.

40.     During the June 6, 2012 conversation, Sheps again threatened to take an action that was not intended to be taken, when upon information and good-faith belief, Sheps did not intend to take Plaintiff to the courts.

41.     Plaintiff called the Knox County Clerk's Office on September 9, 2012 at 10:30 A.M., and at such time, spoke with "Shirley," who confirmed with Plaintiff that at that time there were no current or pending lawsuits against Plaintiff.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(2)
## DEFENDANT SHEPS

42.     Plaintiff repeats and re-alleges each and every allegation contained above.

43.     Sheps violated 15 U.S.C. § 1692d(2) by using language the natural consequence of which is to abuse Plaintiff, in connection with collection of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Sheps violated 15 U.S.C. § 1692d(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692(k)(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## DEFENDANT SHEPS

44.     Plaintiff repeats and re-alleges each and every allegation contained above.

45.     Sheps violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Sheps violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692(k)(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(3)
## DEFENDANT SHEPS

46.    Plaintiff repeats and re-alleges each and every allegation contained above.

47.    Sheps violated 15 U.S.C. § 1692e(3) by falsely representing the level of attorney involvement in the collections process.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Sheps violated 15 U.S.C. § 1692e(3);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692(k)(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(5)
## DEFENDANT SHEPS

48.     Plaintiff repeats and re-alleges each and every allegation contained above.

49.     Sheps violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that could be legally taken or that was not actually intended to be taken.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Sheps violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692(k)(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692e(10)
## DEFENDANT SHEPS

50. Plaintiff repeats and re-alleges each and every allegation contained above.

51. Sheps violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt, including, but not limited to: misrepresenting the amount and legal status of Plaintiff's alleged debt; misrepresenting the level of attorney involvement in the collections process; and threatening to take Plaintiff to court, when upon information and good-faith belief, Sheps did not intend to take such action.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Sheps violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692(k)(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)
## DEFENDANT SHEPS

52.     Plaintiff repeats and re-alleges each and every allegation contained above.

53.     Sheps violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey the amount of the Debt to Plaintiff in its initial communication with Plaintiff or within five (5) days thereof.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Sheps violated 15 U.S.C. § 1692g(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692(k)(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF 15 U.S.C. § 1692g(b)
## DEFENDANT SHEPS

54.     Plaintiff repeats and re-alleges each and every allegation contained above.

55.     Sheps violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required pursuant to 15 U.S.C. § 1692g(a) *et seq*., during the thirty-day dispute period.

56.     Sheps violated 15 U.S.C. § 1692g(b) by making representations to Plaintiff during the 30-day dispute period that are inconsistent with the disclosures required by 15 USC § 1692g(a) *et seq*.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Sheps violated 15 U.S.C. § 1692g(b);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692(k)(a)(3);

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## VIOLATION OF 15 U.S.C. § 1692d(2)
## DEFENDANT CHECKREDI

57.     Plaintiff repeats and re-alleges each and every allegation contained above.

58.     Sheps violated 15 U.S.C. § 1692d(2) by using language the natural consequence of which is to abuse Plaintiff, in connection with collection of the Debt.

59.     Checkredi, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Sheps, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Checkredi violated 15 U.S.C. § 1692d(2);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692(k)(a)(3);

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## DEFENDANT CHECKREDI

60.     Plaintiff repeats and re-alleges each and every allegation contained above.

61.     Sheps violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt.

62.     Checkredi, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Sheps, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Checkredi violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692(k)(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT X
## VIOLATION OF 15 U.S.C. § 1692e(3)
## DEFENDANT CHECKREDI

63.     Plaintiff repeats and re-alleges each and every allegation contained above.

64.     Sheps violated 15 U.S.C. § 1692e(3) by falsely representing the level of attorney involvement in the collections process.

65.     Checkredi, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Sheps, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Checkredi violated 15 U.S.C. § 1692e(3);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692(k)(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XI
## VIOLATION OF 15 U.S.C. § 1692e(5)
## DEFENDANT CHECKREDI

66.    Plaintiff repeats and re-alleges each and every allegation contained above.

67.    Sheps violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that could be legally taken or that was not actually intended to be taken.

68.    Checkredi, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Sheps, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Checkredi violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692(k)(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT XII
### VIOLATION OF 15 U.S.C. § 1692e(10)
### DEFENDANT CHECKREDI

69. Plaintiff repeats and re-alleges each and every allegation contained above.

70. Sheps violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt, including, but not limited to: misrepresenting the amount and legal status of Plaintiff's alleged debt; misrepresenting the level of attorney involvement in the collections process; and threatening to take Plaintiff to court, when upon information and good-faith belief, Sheps did not intend to take such action.

71. Checkredi, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Sheps, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Checkredi violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692(k)(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as

permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XIII
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)
## DEFENDANT CHECKREDI

72.     Plaintiff repeats and re-alleges each and every allegation contained above.

73.     Sheps violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey the amount of the Debt to Plaintiff in its initial communication with Plaintiff or within five (5) days thereof.

74.     Checkredi, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Sheps, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Checkredi violated 15 U.S.C. § 1692g(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692(k)(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as

permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XIV
## VIOLATION OF 15 U.S.C. § 1692g(b)
## DEFENDANT CHECKREDI

75.     Plaintiff repeats and re-alleges each and every allegation contained above.

76.     Sheps violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required pursuant to 15 U.S.C. § 1692g(a) *et seq*., during the thirty-day dispute period.

77.      Sheps violated 15 U.S.C. § 1692g(b) by making representations to Plaintiff during the 30-day dispute period that are inconsistent with the disclosures required by 15 USC § 1692g(a) *et seq*.

78.     Checkredi, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Sheps, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Checkredi violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692(k)(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

79.     Plaintiff is entitled to and hereby demands a trial by jury.

Dated: December 5, 2012

Respectfully submitted,

Coreen Martin

By: /s/Craig J. Ehrlich
Craig J. Ehrlich
Attorney for Plaintiff
Weisberg & Meyers, LLC
1448 Madison Avenue
Memphis, TN 38104
Telephone: (602) 445 9819
Facsimile: (866) 565 1327
Email: CEhrlich@AttorneysForConsumers.com

*Please send correspondence to the address below*

Craig J. Ehrlich
Weisberg & Meyers, LLC
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012